1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NC FLOORING GROUP, INC., a California Corporation, <br><br> Defendant. | Case No.: C11-1952 PJH <br><br> ***FIRST AMENDED* JUDGMENT PURSUANT TO STIPULATION** |

      THIS SERVES TO AMEND the Notice and Acknowledgment and Judgment Pursuant to Stipulation ("Stipulation") previously entered into between Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al. ("Plaintiffs") and Defendant NC FLOORING GROUP, INC., a California corporation ("Defendant"), to pay delinquent amounts due to Plaintiffs for the month of November 2010, and entered on May 23, 2011. Defendant has requested that the previous Stipulation be amended to include additional amounts due to Plaintiffs. This document ("First Amended Stipulation") shall, upon execution by all parties, supersede the previous Stipulation and become the operating document between the parties.

      IT IS HEREBY STIPULATED and AGREED by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs, DISTRICT COUNCIL 16

- 1 -
***FIRST AMENDED* JUDGMENT PURSUANT TO STIPULATION**
Case No.: C11-1952 PJH

NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., and against Defendant NC FLOORING GROUP, INC., a California Corporation, and/or alter egos and/or successor entities ("Defendant"), as follows:

1. Defendant is signatory to the Northern California Floor Covering Master Agreement between District Council 16 and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement"). Pursuant to the Bargaining Agreement, Defendant is bound to the Trust Agreements of the Plaintiffs Trust Funds. The Bargaining Agreement and Trust Agreements continue in full force and effect to the present time.

2. Defendant hereby acknowledges and agrees that Defendant has become indebted to Plaintiff Trust Funds, as follows:

| | | | |
|---|---|---|---|
| Stipulation | Balance | $146.05 | |
| | Conditionally Waived Liquidated Damages | $1,681.43 | |
| | | | $1,827.48 |
| 20% Liquidated Damages on Prior Late-Paid Contributions (6/11 – 811, 11/11, 2/12) | | | $12,476.45 |
| 5% Interest on Prior Late-Paid Contributions (6/11 – 811, 11/11, 2/12) | | | $78.46 |
| Attorneys' Fees (4/28/11 – 4/2/12) | | | $4,827.50 |
| Costs (through 6/1/11) | | | $73.43 |
| | | **SUB-TOTAL:** | **$19,283.32** |
| March 2012 | Contribution Balance | $42,229.74 | |
| | 20% Liquidated Damages | $11,396.61 | |
| | 5% Interest (through 8/17/12) | $850.84 | |
| | | | $54,477.19 |
| April 2012 | Contributions | $49,562.79 | |
| | 20% Liquidated Damages | $9,912.56 | |
| | 5% Interest (through 8/17/12) | $529.58 | |
| | | | $60,004.93 |
| May 2012 | Contributions | $37,568.94 | |
| | 20% Liquidated Damages | $7,513.79 | |
| | 5% Interest (through 8/17/12) | $247.03 | |
| | | | $45,329.76 |
| June 2012 | Contributions | $7,400.60 | |
| | 20% Liquidated Damages | $1,480.12 | |
| | 5% Interest (through 8/17/12) | $17.23 | |
| | | | $8,897.95 |
| | | **SUB-TOTAL:** | **$168,709.83** |
| **Additional Attorneys' Fees (4/3/12 – 8/17/12)** | | | **$3,484.50** |
| | | **GRAND TOTAL:** | **$191,477.65** |

3. Defendant shall *conditionally* pay the amount of **$147,016.69**, representing the total amount due as enumerated in paragraph 2 above, less conditionally waived liquidated damages in

the sum of **$44,460.96**.  *This waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

    (a)    Defendant shall submit an initial payment of **$15,000.00** by August 27, 2012;

    (b)    Beginning on or before September 5, 2012 and September 20, 2012, and thereafter no later than the 20th day of each month, and continuing for a period of ten (10) additional months through July 20, 2013, Defendant shall timely pay to Plaintiffs the amount of **$10,000.00** per month;

    (c)    Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest from August 18, 2012, at the rate of 5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

    (d)    Payments may be made by joint check, to be endorsed prior to submission.  Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment;

    (e)    Checks shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***," and shall be delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

    (f)    Prior to Defendant's final payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation.  Defendant will be advised as to whether or not the waiver has been granted prior to the final payment (July 20, 2013), hereunder.  Such waiver will not be considered until or unless all other amounts are paid in full and Defendant's account is otherwise current;

    (g)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation.  Defendant shall pay all additional attorneys' fees and

- 3 -
*FIRST AMENDED* **JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-1952 PJH**

costs regardless of whether or not Defendant defaults herein.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the July 20, 2013 stipulated payment;

        (h)    Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

        4.    In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default *within seven (7) days from the date of the notice from Plaintiffs*.  If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period.  If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

        5.    Beginning with contributions due for hours worked by Defendant's employees during the month of July 2012, due on August 15, 2012 and delinquent if not received by the Trust Funds before the last business day of the month, and for every month thereafter until this Judgment is satisfied, Defendant shall remain current in contributions due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, *to Muriel B. Kaplan or Qui Lu at 415-882 9287*, prior to sending the payment to the Trust Fund office.

        Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

        6.    Defendant shall make full disclosure of **all** jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General

Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports *will be emailed or faxed to Muriel B. Kaplan or Qui Lu* concurrently with their submission to the General Contractor, Owner or other reporting agency.

These requirements are concurrent with, and in addition to, the requirements set forth above. Defendant shall email or fax said updated job list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶5 of this Stipulation) *to Muriel B. Kaplan at 415-882-9287 (mkaplan@sjlawcorp.com) or Qui Lu (qlu@sjlawcorp.com)*, on or before the **20th day** of each month. Attached hereto as **EXHIBIT A** is a Job Report Form which is to be completed each month.

7. **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement:

(a) In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendant by facsimile and by regular mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees;

(b) Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford;

(c) If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due;

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing;

(e)     If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein.  If Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment.  Failure to execute the revised agreement shall constitute a default of the terms herein;

(f)     Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs' demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

8.     Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.  Any unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9.     Nelson Tayco Cruz acknowledges that he is the RMO/CEO/President and is authorized to enter into this Stipulation on behalf of NC Flooring Group, Inc.  Mr. Cruz ("Guarantor") is also personally guaranteeing all amounts due herein.  Mr. Cruz further acknowledges that any and all successors in interest to NC Flooring Group, Inc. as well as any assigns, and/or affiliated entities (including, but not limited to parent or other controlling companies), and purchasers, shall be contractually bound by the terms of this Stipulation.  This shall include any additional entities in which Nelson Tayco Cruz is an officer, owner or possesses

any ownership interest.  Defendant, Guarantor and all such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10. In the event that Defendant/Guarantor fails to make any payment required under ¶3 above, or fail to remain current in any contributions under ¶5 above or fails to timely provide the monthly documents required by ¶6 herein, and that such default is not timely cured, the following will occur:

(a) The entire balance of **$191,477.65**, as specified in ¶2, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendant/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default;

(c) Defendant/Guarantor waives any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor;

(d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

11. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

12.     In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

13.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor and all of their control group members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

15.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17.     Defendant/Guarantor represents and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Agreement

with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

| Dated: August __, 2012 | **NC FLOORING GROUP, INC.** |
|---|---|
| | By: _____/s/_____ <br> Nelson Tayco Cruz, RMO/CEO/President |
| Dated: August __, 2012 | **NELSON TAYCO CRUZ** |
| | By: _____/s/_____ <br> Individually as Personal Guarantor |
| Dated: September 4, 2012 | **SALTZMAN & JOHNSON LAW CORPORATION** |
| | By: _____/s/_____ <br> Muriel B. Kaplan <br> Attorneys for Plaintiffs |

IT IS SO ORDERED.

Dated: __September 10__, 2012

_____
UNITED STATES DISTRICT COURT JUDGE

[Seal: United States District Court, Northern District of California — IT IS SO ORDERED, Judge Phyllis J. Hamilton]

## EXHIBIT A

### *FIRST AMENDED* JUDGMENT PURSUANT TO STIPULATION

*JOB REPORT FORM*

*** Updated report must be faxed to Muriel B. Kaplan, Esq., at (415) 882-9287 on the **20th** day of each month ***

**Employer Name: NC FLOORING GROUP, INC.**

Report for the month of _____   Submitted by: _____

| | |  | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address/Tel. #:** | | | |
| **Contract #:** | | **Date of Contract:** | |
| **Total Value of Contract:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |

| | |  | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address/Tel. #:** | | | |
| **Contract #:** | | **Date of Contract:** | |
| **Total Value of Contract:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |

| | |  | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address/Tel. #:** | | | |
| **Contract #:** | | **Date of Contract:** | |
| **Total Value of Contract:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |

*** Attach additional sheets as necessary ***

*FIRST AMENDED* **JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-1952 PJH**