Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NC FLOORING GROUP, INC., a California Corporation, <br><br> Defendant. | Case No.:  C11-1952 PJH <br><br> **SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that this Second Amended Judgment Pursuant to Stipulation ("Second Amended Stipulation") shall be entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds"), and against Defendant NC FLOORING GROUP, INC., a California Corporation, and/or alter egos and/or successor entities, and NELSON TAYCO CRUZ, as individual guarantor (collectively "Defendants"), as follows:

 1. All provisions of the First Amended Judgment Pursuant to Stipulation ("First Amended Stipulation"), entered by the Court on September 10, 2012, shall remain in full force

and effect and incorporated herein, except paragraphs 2, 3, 5, 6, 7(b), and 10(a), which are amended and agreed as follows.  References therein to "Defendant" shall include individual guarantor NELSON TAYCO CRUZ. In consideration of this Second Amended Stipulation, Defendants specifically acknowledge that **no further extensions of time for payment shall be permitted by Plaintiffs**, by Stipulation or otherwise, and that all payments due hereunder, for stipulated payments and for current monthly contributions, shall be timely paid so as not to incur any further liquidated damages or interest.

**Revised ¶2:**

2. Defendants hereby acknowledge and agree that Defendants have become further indebted to Plaintiff Trust Funds, as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | | |
|---|---|---|---|
| 1 | Conditional Amount due per First Amended Stipulation (less conditionally waived LDs of $44,460.96) | $147,016.69 | |
| 2 | Principal payments | -$136,157.29 | |
| 3 | Subtotal *(Conditional First Amended Stipulation balance)* | | $10,859.40 |
| 4 | 5% Interest on Contribution Balance ($750.83) (7/26/13-8/16/13) | | $2.10 |
| 5 | 0.17% Post-Judgment Interest on Remaining Balance ($10,108.57) (8/18/12-8/16/13) | | $18.15 |
| 6 | **Subtotal: Conditional Balance due on First Amended Stipulation:** | | | $10,879.65 |
| 7 | Unpaid 6/13 contributions | $59,817.23 | |
| | 5% Interest (8/1/13-8/16/13) | $123.00 | |
| 8 | | | $59,940.23 |
| 9 | 5% Interest on late-paid contributions for 11/12 (paid $23,903.58) (1/1/13-1/4/13) | | $9.81 |
| 10 | 5% Interest on late-paid contributions for 12/12 (paid $20,017.55) (2/1/13-2/20/13) | | $52.06 |
| 11 | | | |
| 12 | 5% Interest on late-paid contributions for 1/13 (paid $42,238.80) (3/1/13-3/28/13) | | $156.33 |
| 13 | 5% Interest on late-paid contributions for 2/13 (paid $60,943.58) (4/1/13-4/17/13) | | $133.60 |
| 14 | | | |
| 15 | 5% Interest on late-paid contributions for 3/13 (paid $97,115.66) (5/1/13-6/3/13) | | $438.90 |
| 16 | 5% Interest on late-paid contributions for 4/13 (paid $67,302.36) (6/1/13-7/12/13) | | $378.02 |
| 17 | | | |
| 18 | 5% Interest on late-paid contributions for 5/13 (paid $70,544.45) (7/1/13-7/26/13) | | $241.50 |
| 19 | Unwaived 10% of LDs (11/12-6/13) (per ¶10(a) of the First Amended Stipulation) | | $8,837.66 |
| 20 | **Subtotal: Unpaid contributions, interest, and LDs (11/12-613):** | | $70,188.11 | $70,188.11 |
| 21 | Attorneys' fees and costs (8/18/12-8/11/13): | | | $6,459.50 |
| 22 | | | ***CONDITIONAL TOTAL:*** | **$87,527.26** |
| 23 | 90% of LDs (11/12-6/13) | | $79,538.98 |
| | LDs due per First Amended Stipulation | | $44,460.96 |
| 24 | **Conditionally waived Liquidated Damages** | | | **$123,999.94** |
| | | | ***TOTAL DUE:*** | **$211,527.20** |

**Revised ¶3:**

3.      Defendants shall *conditionally* pay the amount of **$87,527.26**, representing the "Conditional total" amount due as enumerated in paragraph 2 above, less conditionally waived

liquidated damages in the sum of **$123,999.94**.  *This waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

      (a)    Beginning on or before September 20, 2013, and thereafter no later than the 20th day of each month, and continuing for a period of twelve (12) months through August 20, 2014, Defendants shall timely pay to Plaintiffs the amount of **$7,455.00** per month;

      (b)    Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance (First Amended Stipulation conditional balance and unpaid June 2013 contributions, totaling $70,676.63) shall bear interest at the rate of 5% per annum, from August 16, 2013 until paid. The remaining conditional total due on the Second Amended Stipulation balance, totaling $16,850.63, shall bear interest at the legal post-Judgment interest rate of 0.17% per annum;

      (c)    If timely submitted, payments may be made by joint check, to be endorsed prior to submission. Defendants shall have the right to increase the monthly payments at any time and there is no penalty for early payment;

      (d)    Checks shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***," and shall be delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

      (e)    Prior to Defendants' final payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation.  Following the final monthly payment (August 20, 2013) hereunder, Defendant will be advised as to whether or not the waiver has been granted.  Such waiver will not be considered until or unless all other amounts are paid in full by August 20, 2013 and Defendants' account is otherwise current;

      (f)    Prior to the last conditional payment to be made pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing, as to the final conditional amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation.  Defendants

shall pay all additional attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the August 20, 2014 stipulated payment;

       (g)    Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

**Revised ¶5:**

5.    Beginning with contributions due for hours worked by Defendants' employees during the month of July 2013, due on August 15, 2013 and delinquent if not received by the Trust Funds before the last business day of the month (August 30, 2013), and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in contributions due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. Defendants shall fax a copy of the contribution report for each month on or before the 25th day of each month (to ensure receipt of payment to the Trust Funds by the last day of each month), together with a copy of that payment check, to Muriel B. Kaplan or Alicia Rutkowski at 415-882 9287, prior to sending the payment to the Trust Fund office.

      Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

**Revised ¶6:**

6.    Defendants shall make full disclosure of **all** jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports *will be emailed or faxed to Muriel B. Kaplan or Alicia Rutkowski* concurrently with their submission to the General Contractor, Owner or other reporting agency.

/ / /

These requirements are concurrent with, and in addition to, the requirements set forth above.  Defendants shall email or fax said updated job list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶5 of this Stipulation) *to Muriel B. Kaplan at 415-882-9287 (mkaplan@sjlawcorp.com) or Alicia Rutkowski (arutkowski@sjlawcorp.com),* on or before the **25th day** of each month.  Attached hereto as *EXHIBIT A* is a Job Report Form which is to be completed each month.

**Revised ¶7(b):**

   7.   **Audit**

       (b)   Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendants do not agree with the total found due.  Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Muriel B. Kaplan;

**Revised ¶10(a):**

   10.   In the event that Defendants fail to make any payment required under ¶3 above, or fail to remain current in any contributions under ¶5 above or fails to timely provide the monthly documents required by ¶6 herein, and that such default is not timely cured, the following will occur:

       (a)   The entire balance of $211,527.20, as specified in ¶2, plus interest, but reduced by principal payments received from Defendants, in addition to any unpaid contributions then due plus 20% liquidated damages thereon, and 5% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

All other terms and provisions of the First Amended Judgment Pursuant to Stipulation shall continue to remain in full force and effect.

| Dated: August 29, 2013 | **NC FLOORING GROUP, INC.** |
|---|---|
| | By: _____/S/_____<br>Nelson Tayco Cruz, RMO/CEO/President |
| Dated: August 29, 2013 | **NELSON TAYCO CRUZ** |
| | By: _____/S/_____<br>Individually as Personal Guarantor |
| Dated: August 30, 2013 | **SALTZMAN & JOHNSON LAW CORPORATION** |
| | By: _____/S/_____<br>Muriel B. Kaplan<br>Attorneys for Plaintiffs |

IT IS SO ORDERED.

The Second Amended Judgment Pursuant to Stipulation is hereby entered.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter.

Dated: _____, 2013        _____
                                      UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

### SECOND AMENDED
### JUDGMENT PURSUANT TO STIPULATION

### JOB REPORT FORM

*** Updated report must be faxed to Muriel B. Kaplan, Esq., at (415) 882-9287 on the **25th** day of each month ***

**Employer Name: NC FLOORING GROUP, INC.**

Report for the month of _____ Submitted by: _____

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*** *Attach additional sheets as necessary* ***

*SECOND AMENDED* **JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-1952 PJH**